UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-mj-03939-LOUIS

UNITED STATES OF AMERICA,

    Plaintiff,

v.

DAMIAN LAMONT HEPBURN JR.,

    Defendant.
_____/

## DETENTION ORDER

Pursuant to 18 U.S.C. § 3142(f), on November 4, 2020, a hearing was held to determine whether defendant **DAMIAN LAMONT HEPBURN JR.** should be detained prior to trial.  Having considered the factors enumerated in 18 U.S.C. § 3142(g), this Court finds that no condition or combination of conditions will reasonably assure the appearance of this defendant as required.  Therefore, it is hereby ordered that the defendant **DAMIAN LAMONT HEPBURN JR.** be detained prior to trial and until the conclusion thereof.

In accordance with the provisions of Title 18, United States Code, Section 3142(i), the Court hereby makes the following findings of fact and statement of reasons for the detention:

    1. The defendant is charged by criminal complaint in the Southern District of Florida with possession of 15 or more unauthorized access devices in violation of 18 U.S.C. § 1029(a)(3) and aggravated identity theft in violation of 18 U.S.C. § 1028A(a)(1).

2. The weight of the evidence against the defendant is substantial. The government proffered that on September 1, 2020, law enforcement officers executed a search warrant at a residence. During the execution of the search warrant, law enforcement officers observed throughout the residence ledgers containing personally identifiable information (PII), mailers and numerous debit cards from the California Employment Development Department ("EDD").

Law enforcement officers encountered the defendant at the residence during the search. The defendant had two EDD debit cards on his person with a balance of $12,600.00 and $6,400.00, respectively. Each debit card had initially been loaded with $18,600.00. Law enforcement officers searched the defendant's cell phone and discovered an email confirming the benefits application for one of the debit cards. One of the debit cards was mailed to the address listed on the defendant's driver's license. A search of the defendant's cell phone revealed PII belonging to 20 individuals, including the two victims listed on the debit cards.

3. The pertinent history and characteristics of the defendant support pretrial detention. The defendant was born on October 26, 1995, in Miami Florida. The defendant has multiple probation violations, was sentenced in May 2019 to a term of imprisonment for violating probation and was on supervised release at the time of the instance offense because he had been convicted of access device fraud. Title 18, United States Code, Section 3142(g)(3)(A).

4. The Court specifically finds, that there are no conditions or combination of conditions which reasonably will assure the defendant's appearance as required. The defendant is facing approximately four years of imprisonment if convicted of the instant

offense and committed the instant offense while on supervised release, leading the Court to believe that the defendant cannot follow court orders and would be a flight risk if released on bond. Based upon the above findings of fact, which were supported by a preponderance of the evidence, the Court has concluded that this defendant presents a risk of flight.

The Court hereby directs:

(a) That the defendant be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practical, from persons awaiting or serving sentences or being held in custody pending appeal;

(b) That the defendant be afforded reasonable opportunity for private consultation with counsel; and

(c) That, on order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the defendant is confined deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

DONE AND ORDERED at Miami, Florida, this the **4th** day of November, 2020.

_____
JOHN J. O'SULLIVAN
CHIEF UNITED STATES MAGISTRATE JUDGE